STATE OF LOUISIANA           *         NO. 2025-KA-0672

VERSUS                     *

                                COURT OF APPEAL

DARRIN D. JONES         *

                                FOURTH CIRCUIT

                     *

                                STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 560-344, SECTION "I"
Honorable Leon T. Roche
* * * * * *
**Judge Pro Tempore Dennis R. Bagneris**
* * * * * *

(Court composed of Chief Judge Roland L. Belsome, Judge Daniel L. Dysart,
Judge Pro Tempore Dennis R. Bagneris)

Jane Louise Beebe
ATTORNEY AT LAW
P. O. Box 463
Addis, LA 70710

      COUNSEL FOR DEFENDANT/APPELLANT

JASON R. WILLIAMS
District Attorney
Orleans Parish
BRAD SCOTT
Chief of Appeals
THOMAS FREDRICK
Assistant District Attorney
Parish of Orleans
619 South White St.
New Orleans, LA 70119

COUNSEL FOR PLAINTIFF/APPELLEE

                                         **AFFIRMED**
                                 **MARCH 17, 2026**

DRB
RLB
DLD

This criminal appeal arises from the adjudication and sentencing of Darrin D. Jones ("Defendant") as a fourth felony offender. Defendant contends that two of his predicate convictions arose from the same event and therefore should have counted as a single prior felony conviction rather than two. Defendant further contends that the district court should have adjudicated him as a third felony offender. For the reasons more fully outlined below, we affirm Defendant's adjudication as a fourth felony offender.

**FACTS AND PROCEDURAL HISTORY**

On September 14, 2023, Detective Anthony Wiltz ("Det. Wiltz") received notice of a stabbing at Orleans Justice Center (the "Center"). After arriving at the Center, consulting with deputies on scene and watching surveillance videos, Det. Wiltz concluded that Defendant stabbed Louis Arubio ("Victim"). On December 15, 2023, the State of Louisiana (the "State") charged Defendant with attempted second degree murder of Victim in violation of La. R.S. 14:(27)30.1. Defendant pled guilty to attempted second degree murder. However, on April 25, 2024, at a

1

preliminary hearing, the district court found only probable cause for aggravated battery under La. R.S. 14:34.[1]

A bench trial was held on November 8, 2024, and the State called one witness, Det. Wiltz. Defendant did not call any witnesses of his own. The pertinent testimony elicited at trial from Det. Wiltz is summarized below:

*Detective Anthony Wiltz*

On September 14, 2023—the day of the stabbing—Orleans Parish Sheriff's Office ("OPSO") Det. Wiltz attested that he was assigned to the case as the lead investigator. After arriving on scene, Det. Wiltz spoke with deputies at the Center and reviewed surveillance videos of the incident from multiple angles. The videos reflected that Defendant ran to his cell empty-handed, picked up a knife or handmade shank, walked to the area where Victim was located and proceeded to stab Victim.

After the incident, Victim was transported to University Medical Center for treatment where it was determined that he had lacerations to his head and his right shoulder. Victim did not cooperate with the investigation, nor were any statements taken from any other inmates. Det. Wiltz said that Defendant was rebooked after the incident and Defendant also refused to give him a statement. The weapon used in the stabbing was never recovered.

---

[1] Louisiana Revised Statute 14:34 provides in pertinent part:

A. Aggravated battery is a battery committed with a dangerous weapon.

B. Whoever commits an aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both. At least one year of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence if the offender knew or should have known that the victim is an active member of the United States Armed Forces or is a disabled veteran and the aggravated battery was committed because of that status.

At the conclusion of trial, the district court found Defendant guilty of the responsive verdict of aggravated battery pursuant to La. R.S. 14:34. On February 25, 2025, the district court sentenced Defendant to seven years at hard labor to be served concurrently with any other sentences, for which he may already have been convicted, with credit for time served. On the same date the State filed a habitual offender bill of information ("multiple bill"). The State averred that Defendant had three prior felony convictions, in which he pled guilty to: (1) one count of attempted possession of codeine and (2) two counts of conspiracy to commit second degree murder. Based on those convictions, the State contended that Defendant was a fourth felony offender and that he should be sentenced to no less than the minimum required under Louisiana's Habitual Offender Statute, . . . La. R.S. 15:529.1,[2] which is twenty years.

A hearing on the multiple bill was held on May 21, 2025. In Defendant's Answer to the multiple bill, he asserted that the two counts of conspiracy to commit second degree murder should be counted as one conviction since they arose from a single course of criminal conduct. On June 30, 2025, the district court adjudicated Defendant as a fourth felony offender, and found him to be a habitual offender. The district court vacated the original sentence it imposed upon Defendant and resentenced him to twenty years at hard labor. This timely appeal follows.

**ERRORS PATENT**

---

[2] Louisiana Revised Statute 15:29.1 will be discussed more fully *infra*.

3

An appellate court must review criminal appeal records for the existence of a patent error. *See* La. C.Cr.P. art. 920(2).[3] A careful examination of the record reveals no errors patent.

## DISCUSSION

In his sole assignment of error, Defendant argues that the district court erred in adjudicating him as a fourth felony offender. Defendant contends that two of his prior convictions—two counts of conspiracy to commit second degree murder—arose out of a single course of criminal conduct and therefore should count as only one conviction. Accordingly, Defendant maintains that he should have been adjudicated as a third felony offender.

*Standard of Review*

Because Defendant does not dispute the validity of his predicate convictions or the State's proof of identity that he is the person who committed the predicate offenses, he raises a purely legal question—whether the district court properly adjudicated him as a fourth felony offender under La. R.S. 15:529.1. "Appellate courts review legal questions under a *de novo* standard of review." *State v. Allen*, 24-0530 p. 32 (La. App. 4 Cir. 12/22/25), ___ So.3d ___, ___, 2025 WL 3706678, at *16 (citation omitted).

*Habitual Offender Statute*

The intention of the Habitual Offender Statute is "to deter and punish recidivism by subjecting defendants with multiple felony convictions to longer

---

[3] Louisiana Code of Criminal procedure article 920 provides:

The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.

4

sentences for their instant crimes in light of their continuing disregard for the law." *Id.* 24-0530 at p. 33, 2025 WL 3706678, at *16 (quoting *State v. Brundy*, 16-0263, p. 10 (La. App. 4 Cir. 8/24/16), 198 So. 3d 1247, 1255). "Codified under La. R.S. 15:529.1, the statute applies enhanced sentences for defendants who have committed multiple felonies." *Id.* Because the statute increases punishment, its provisions must be strictly construed.

Louisiana Revised Statutes 15:529.1(B) provides in pertinent part that "[m]ultiple convictions on the same day *prior to October 19, 2004*, shall be counted as one conviction for purposes of this Section." (emphasis added)

*The Multiple Bill*

In the present case, Defendant does not contest the State's proof of the allegations contained in the multiple bill. The State charged Defendant with three predicate convictions: (1) a March 3, 2010 conviction for attempted possession of codeine, for which Defendant received a three-year sentence; (2) a September 16, 2013 conviction for conspiracy to commit second degree murder, for which Defendant received a nine-year sentence; and (3) a September 16, 2013 conviction for conspiracy to commit second degree murder, for which Defendant also received a nine-year sentence.

Defendant concedes that the State produced sufficient evidence establishing the validity of his guilty pleas and his identity as the person who committed the predicate offenses.

*Adjudication as a Habitual Offender*

As previously mentioned, Defendant argues that the two 2013 convictions should count as a single conviction because they both arose from the same incident. Defendant cites *State v. Bell* in support of his argument, which

5

recognized that "same-day convictions on or after October 19, 2004 may be counted as separate convictions if the convictions arose from separate or distinct events." 23-1082, p. 5, (La. App. 1 Cir. 4/19/24), 389 So.3d 196, 199-200. *See State v. Bethley*, 17-1127 (La. App. 1st Cir. 4/9/18), 2018 WL 1704096 at *6 (citations omitted). However, decisions from other circuits are not binding on this Court. *Sebble on Behalf of Estate of Brown v. St. Luke's #2, LLC*, 22-0620, p.12 (La. App. 4 Cir. 3/6/23), 358 So.3d 1030, 1038 (citations omitted). Instead, we follow this Court's reasoning in *Allen.*

In *Allen*, the defendant was convicted of several offenses, and the State filed multiple bills with respect to each of them, based on two prior convictions that arose from the same incident. 24-0530 at p. 32, 2025 WL 3706678 at 16*. The defendant maintained that the convictions in the 2018 guilty plea should only count as one conviction because they arose from the same incident. *Id.* 24-0530, at p. 33, 2025 WL 3706678 at 16*. The district court agreed and found that these two prior convictions could count only as one and adjudicated the defendant a second felony offender. This Court reversed, explaining that "[t]o hold that [d]efendant's convictions arising from a single incident do not count separately would defy the purpose of the Habitual Offender Statute." *Id.* 24-0530, at p. 34, 2025 WL 3706678 at 17*.

In reaching this conclusion, this Court relied on the Louisiana Supreme Court's reasoning in *State v. Shaw*, 06-2467, (La. 11/27/07), 969 So.2d 1233. In that decision, the Louisiana Supreme Court held that multiple convictions arising from the same day or the same incident may be counted separately for purposes of sentence enhancement. Specifically, the Louisiana Supreme Court stated:

We therefore hold that the language of [La. R.S.] 15:529.1 contains no prohibition against enhancing multiple sentences obtained on the same date arising out of a single criminal act or episode.... In clear and unambiguous terms, the statute exposes a person who has previously been convicted of a felony to enhanced penalties for any felony committed after the date of the prior felony conviction. There is no statutory bar to applying the habitual offender law in sentencing for more than one conviction obtained on the same date, whether the convictions result from separate felonies committed at separate times or arise out of a single criminal act or episode.

*Shaw*, 06-2467, p. 20, 969 So.2d at 1245.

Defendant nevertheless attempts to distinguish *Shaw*, arguing that the case addressed convictions occurring on the same day rather than multiple convictions arising from the same criminal episode. This argument is unpersuasive. As recognized by this Court in *Allen*, the Louisiana Supreme Court in *Shaw* expressly held that La. R.S. 15:529.1 contains no prohibition against enhancing multiple sentences obtained on the same date, even where the convictions arise from a single criminal act or episode. Accordingly, Defendant's attempt to distinguish *Shaw* lacks merit.

Applying the analysis of *Allen* and the Louisiana Supreme Court's holding in *Shaw*, Defendant's two 2013 convictions constitute separate predicate offenses for purposes of habitual offender enhancement. Therefore, the district court did not err in adjudicating Defendant as a fourth felony offender. This assignment of error is unpersuasive.

## CONCLUSION

For the foregoing reasons, we affirm Defendant's adjudication as a fourth felony offender.